# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09CR47(01) |
| | § | |
| ERICK LAMAR ADDISON. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 12, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least Five Grams but Less than 50 Grams of Cocaine Base, a Class B Felony. This offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. However, the Court elected to impose a sentence below the advisory guideline range to avoid unwarranted sentencing disparities among defendants. On March 30, 2010, Chief District Judge Leonard Davis sentenced Defendant to the statutory mandatory minimum of 60 months of imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. Defendant completed the term of imprisonment and began his period of supervised release on July 7, 2013.

Under the terms of supervised release, Defendant was required to work regularly at a lawful occupation unless excused by the probation officer, to notify the probation officer ten days prior to any change of residence or employment, and prohibited from excessive use of alcohol and the purchase, possession, use, distribution, or administration of any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated his term of supervised release by possessing amphetamine, cocaine, methamphetamine, and marijuana on or about October 24, 2013; by possessing marijuana on or about November 14, 2013; by possessing marijuana on or about January 17, 2014; by failing to work regularly at a lawful occupation; and by failing to notify the probation officer 10 days prior to making a change in his employment status.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, amphetamine, and methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana, Defendant will be in violation of Texas Health and Safety Code §481.121 and have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke probation or supervised

release; or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to work regularly at a lawful occupation; failing to notify the probation officer ten days prior to a change in employment; or by using cocaine, amphetamine, methamphetamine, or marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations of drug use by submitting urine specimens which test positive on October 24, 2013, November 24, 2013 and January 17, 2014. The government recommended custody for 8 months with no supervised release.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Erick Lamar Addison be committed to the custody of the Bureau of Prisons for 8 months, with no supervised release to follow. The Court recommends incarceration at FCI Texarkana, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 26th day of February, 2014.**

3

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE